UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHARIF A. and SAMIA RABADI,

        Plaintiffs,

v.

D R HORTON, INC.,
a Delaware Corporation,

        Defendant.

## NOTICE OF REMOVAL

COME NOW Defendant D. R. Horton, Inc., by and through counsel, Calvert Menicucci, P.C. (Sean R. Calvert), and hereby remove *Sharif A. and Samia Rabadi v. D. R. Horton, Inc.*, Cause No. D-202-CV-2017-07198 from the Second Judicial District Court, to the United States District Court for the District of New Mexico pursuant to 28 U.S.C. §§1332, 1441 and 1446, and as grounds for its removal, state as follows:

## STATEMENT OF THE CASE

1. On October 10, 2017, Sharif A. and Samia Rabadi ("Rabadi") filed a Complaint in the Second Judicial District for the State of New Mexico styled ("State Court Action").

2. On July 22, 2013, Rabadi filed their First Amended Complaint for Breach of Contract. A copy of the First Amended Complaint of Contract is attached hereto as Exhibit A.

3. The First Amended Complaint asserts claims against D. R. Horton, Inc. for: 1) Promissory Estoppel; 2) Unfair Business Practice; 3)

Breach of Implied Covenant of Good Faith and Fair Dealing; and 4) Loss of Market Value.

4.    The relief that Rabadi seeks includes damages in the amount of at least $240,000 on Count One, plus at least $96,000 on Count Four plus incidental and consequential damages, pre- and post judgment interest, and costs of suit in an unknown amount.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

5.    This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship between Rabadi and D. R. Horton, Inc., and more than $75,000, exclusive of interest and costs, is at stake.

6.    Plaintiff alleges that they are residents of Bernalillo County, New Mexico. *First Amended Complaint,* ¶ 1.

7.    D. R. Horton, Inc. is, and was at the time of the institution of the State Court Action, a corporation organized and existing under and by virtue of the laws of the State of Delaware.  As a result, D. R. Horton, Inc. is not now, and was not at the time of the institution of the State Court Action, a resident of the State of New Mexico. *First Amended Complaint,* ¶ 2.

8.    Rabadi admits that D. R. Horton, Inc. is not a resident of New Mexico. *First Amended Complaint,* ¶ 2.

9.    As between Rabadi and D. R. Horton, Inc., there exists a complete diversity of citizenship.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

10.    In addition to establishing diversity of citizenship amongst the parties, the removing party must also establish that "the matter in

controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs..." *See* 28 U.S.C. 1332(a)(1).

11. Rabadi admits in its First Amended Complaint that it is seeking compensatory damages against D. R. Horton, Inc. of at least $240,000.00 pursuant to Count One of its Amended Complaint. *First Amended Complaint*, ¶ 16.

12. In addition, Rabadi is seeking a compensatory damages for loss of market value of at least $96,000.00 pursuant to Count Four of its Amended Complaint. *First Amended Complaint*, ¶ 21.

13. Based on all of the above, it is clear that the amount in controversy requirement of $75,000.00 has been met.

## TIMING OF REMOVAL NOTICE

14. Rabadi's original complaint and Amended Complaint were both filed in October, 2017.

16. This Notice of Removal has been filed within thirty days of the filing of either the original complaint or Amended Complaint in accordance with 28 U.S.C. § 1446(b)(1).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

17. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, a true and correct copy of all of the process, pleadings, orders and documents from the State Court Action which have been served upon D. R. Horton, Inc. are being filed with this Notice of Removal. D. R. Horton, Inc. will file true and legible copies of all other documents in the file in the State Court Action within 28 days of the filing of this Notice of Removal.

18. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a) because the U.S. District Court for the District of New Mexico is the federal judicial district embracing the State of New Mexico, Second Judicial District Court where the State Court Action was originally filed.

## CONCLUSION

By this Notice of Removal, D. R. Horton, Inc. do not waive any objection they may have to service, jurisdiction or venue or any other defenses or objections they may have to this action.

Respectfully submitted,

Calvert Menicucci, P.C.

Sean R. Calvert
Counsel for D. R. Horton, Inc.
8900 Washington St., NE, Suite A
Albuquerque, New Mexico 87113
scalvert@hardhatlaw.net
(505) 247-9100

I hereby certify that a true copy of
the foregoing pleading was mailed
on November 8 2017, to:

Sharif A. Rabadi
Samia Rabadi
11201 San Antonio Drive NE
Albuquerque, New Mexico 87122

Sean R. Calvert

4

FILED IN MY OFFICE
SECOND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
JAMES A. NOEL
10/16/2017 10:08 AM
Cathy Chavez

STATE OF NEW MEXICO
SECOND JUDICIAL DISTRICT COURT
COUNTY OF BERNALILLO

No: CV 2017-07198

No

Sharif A. and Samia Rabadi,
          Plaintiffs,

-vs-

D R Horton, Inc.,
a Delaware Corporation,
          Defendant.

## FIRST AMENDED
## COMPLAINT FOR BREACH OF CONTRACT

COME NOW, the Plaintiffs, pro se, and for their cause of action against the Defendant, state:
### GENERAL ALLEGATIONS

1. Plaintiffs are residents of Bernalillo County, State of New Mexico, and at all time material to the issues in this lawsuit, all transactions described herein took place in the Country of Bernalillo, State of New Mexico.

2. Defendant, D R Horton, Inc. is a Delaware Corporation transacting business in the State of New Mexico as a home builder.

3. The Plaintiffs are/were the owners and developers of a certain approved subdivision, namely Paradise View on Albuquerque's Westside consisting building lots that are/were platted and approved for construction of homes many of which have previously been constructed and sold by third parties.

4. On or about April 2017 the Plaintiffs and Defendant began negotiations for the purchase and sale of some forty (40) building lots remaining in the said subnivium which were being offered for sale by the Plaintiffs at $60,000.00 per lot.


EXHIBIT A

5. The parties initially agreed that the Defendant would purchase the said 40 lots at a reduced price of $50,000.00 per lot and prepared an agreement to accomplish that.

6. Thereafter, the Defendant advised that they wanted only bigger lots since their development plan would not work on the smaller lots and reduced the amount of their purchase to a total of 24 lots at the agreed reduced price.

7. Plaintiffs ultimately agreed to this sale with the understanding that the Defendant would also purchase certain impact fee credits owned by the Plaintiffs in the approximate amount of $71,000.00 at a sale price of 75% of value

8. Defendant initially agreed to purchase some $50,000.00 worth of these impact fee credits and prepared an agreement to accomplish this and submitted the same to the Plaintiff.

9. Plaintiffs were not satisfied with the agreement prepared by the Plaintiffs and submitted their version that dealt with the said $71,000.00 at the said sale price.

10. The Defendant advised the Plaintiff that the local president would have approve this deal and later called the Plaintiffs and told them that it "was a done deal."

11. The Plaintiffs had signed the real estate purchase agreement and submitted the agreed upon contract for the assignment of the impact fee credits to the title company for Defendant's signature and requested that the impact fee deal be closed at the time of the closing of the real estate purchase.

12. The Defendant thereupon claimed that the corporate president, in Delaware, had to approve the deal which the local agent did not know, and when the Plaintiff stated they would not close if the impact fee agreement was not signed and closed at the same.

13. The Defendant thereupon threatened to file suit for specific performance on the signed purchase agreement.

14. The Plaintiff closed on the real estate purchase agreement with the understanding the impact fee agreement would be closed later.

15. discuss the impact fee agreement or close on them.

## COUNT ONE
## PROMISSORY ESTOPPEL

Plaintiffs reallege and incorporate their general allegations contained in paragraphs 1 through 15 as though fully set forth herein.

16. If the Plaintiffs had known that the Defendant was not going to purchase the impact fee credits, they would not have sold the biggest lots, allowing the Defendant to basically "cherry pick" the remaining lots in the subdivision and relied on the promise of the Defendant all to their damage in the amount of $10,000.00 per lot for the 24 lots the Defendant was able to purchase at the discounted rate.

WHEREFORE, Plaintiffs pray judgment against the Defendant for all amounts of damages as proved at the trial and such other or further relief as appears just and proper in the premises together with their costs of suit

## COUNT TWO
## UNFAIR BUSINESS PRACTIVE

Plaintiffs reallege and incorporate their general allegations contained in paragraphs 1 through 15 as though full set forth herein.

17. Because of the Defendant's fraudulent, deceptive, unfair and other wrongful conduct as herein alleged, said defendant has violated New Mexico unfair business practices laws, which such activities were accomplished and designed to deceive and deprive the Plaintiffs of the benefit of their bargain.

18. Because of the foregoing, Plaintiffs have suffered and continues to suffer damages in a sum which shall be determined at the trial of this matter and the Plaintiffs will seek leave of the court to insert the true amount as proved as same are ascertained and proved.

   WHEREFORE, Plaintiffs pray judgment against the Defendant for all amounts of damages as proved at the trial and such other or further relief as appears just and proper in the premises together with their costs of suit

## COUNT THREE
## BREACH OF IMPLED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiffs reallege and incorporates their general allegations contained in paragraph 1 through 15 as though fully set forth herein.

19. New Mexico Law implies a covenant of good faith and fair dealing in all contracts between parties entered in the State of New Mexico.

20. Because of the actions of the Defendants set forth above, said defendant has violated the implied covenant of good faith and fair dealing with the Plaintiffs to the contract for impact fee purchase by the Defendant.

   WHEREFORE, Plaintiffs pray judgment against the Defendant for all amounts of damages as proved at the trial and such other or further relief as appears just and proper in the premises together with their costs of suit.

## COUNT FOUR
## LOSS OF MARKET VALUE

Plaintiffs reallege and incorporates their general allegations contained in paragraphs 1 through 15 as though fully set forth herein.

21. Prior to the time the Defendant reduced the amount of the number of lots to be purchased from 40 to 24, the Plaintiff advised the other builders in the subdivision who had options for first refusal on the balance of the lots in the subdivision, that they were all sold, the builders sold

their models and moved out of the subdivision forcing the Plaintiffs, to close on the 24 larger lots and to find other buyers for the balance of the unsold lots which, although the lots were selling for $60,000 per lot, prior to the agreement with the Defendant, the fact that a deal had been struck with the Defendant for a reduced price, the Plaintiffs were forced to sell the balance of the lots for $54,000.00 per lot all to their damage in the amount of $96,000.00.

WHEREFORE, Plaintiffs pray judgment against the Defendant for all amounts of damages as proved at the trial and such other or further relief as appears just and proper in the premises together with their costs of suit.

Sharif A. Rabadi, Plaintiff, pro se
11201 San Antonio Dr. NE
Albuquerque, NM 87122
(505) 440-6443

Samia Rabadi, Plaintiff, pro se
11201 San Antonio Dr. NE
Albuquerque, NM 87122
(505) 440-6443

FILED IN MY OFFICE
SECOND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
JAMES A. NOEL
10/10/2017 11:03 AM
Destiny Juarez

STATE OF NEW MEXICO

SECOND JUDICIAL DISTRICT COURT

COUNTY OF BERNALILLO

No: CV 2017 07198

Sharif A. and Samia Rabadi,

        Plaintiffs,

-vs-

D R Horton, Inc.,

a Delaware Corporation,

        Defendant.

**CERTIFICATE OF NON-ARBITRATION**

**COMES NOW**, the Plaintiffs, and hereby certify that this case is not subject to arbitration as the Plaintiffs are seeking damages in excess of Twenty five thousand dollars ($25,000.00) in damages.

_____
Sharif A. Rabadi, Plaintiff, pro se
11201 San Antonio Dr. NE
Albuquerque, NM 37122
(505) 440-6443

_____
Samia Rabadi, Plaintiff, pro se
11201 San Antonio Dr. NE
Albuquerque, NM 87122
(505) 440-6443