IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHARIF A. and SAMIA RABADI,

    Plaintiffs,

vs.                                                                         CIV 17-1112 JCH/KBM

D R HORTON, INC.,
a Delaware Corporation,

    Defendant.

## **MEMORANDUM OPINION AND ORDER DENYING MOTION FOR EXTENSION OF TIME**

THIS MATTER comes before the Court on Plaintiffs' Opposed Motion for Extension of Time (*Doc. 24*), filed March 29, 2018. Having reviewed the parties' submissions and all pertinent authority, the Court will deny Plaintiffs' request for additional discovery prior to ruling on the Motion for Summary Judgment.

**I.    BACKGROUND**

This case arises from a dispute over the purchase of impact fee credits associated with the sale of building lots. Plaintiffs filed their Complaint in state court and Defendant removed it to federal court on November 8, 2017. *Doc. 1*. This Court entered a Scheduling Order on January 18, 2018, requiring discovery to be completed by July 18, 2018. *Doc. 17*. On March 9, 2018, Defendant filed a Motion for Summary Judgment. *Doc. 21*. In response, Plaintiffs filed an Opposed Motion for Extension of Time, requesting an extension of time to respond to the Motion for Summary Judgment until fourteen days after discovery is completed. *Doc. 24* at 1.

1

Plaintiffs initially frame their Motion for Extension of Time as a simple request for an extension of time to respond to the Motion for Summary Judgment. *Doc. 24* at 1 (noting they were out of town for funerals and did not return until after the deadline to respond had passed). Defendant notes that it is not opposed to "a limited extension of time for Plaintiffs to respond to the Motion for Summary Judgment . . . ." *Doc. 25* at 2. However, Plaintiffs later request that they not be required to respond to the Motion for Summary Judgment until all discovery is completed (*Doc. 24* at 2), which Defendant does oppose (*Doc. 25* at 2).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(d), formerly Rule 56(f), provides that

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The non-movant has the burden to show that additional discovery is necessary. *Martin v. Cty. of Santa Fe*, 626 F. App'x. 736, 740 (10th Cir. 2015).

While Rule 56(d) requests are generally treated liberally, *Lewis v. City of Ft. Collins*, 903 F.2d 752, 758 (10th Cir. 1990), the Tenth Circuit has held that a request must meet four requirements, *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010). First, the affidavit must identify "the probable facts not available." *Id.* (citation omitted). Second, the affidavit must state "why those facts cannot be presented currently." *Id.* A movant's exclusive control over the needed information weighs in favor of 56(d) relief; however, exclusive control is just one factor and does not grant automatic relief. Price ex. rel. Price v. W. Res., Inc., 232 F.3d 779,

783-84 (10th Cir. 2000). Third, the affidavit must specify "what steps have been taken to obtain these facts." *Valley Forge Ins. Co.*, 616 F.3d at 1096 (citation omitted). And fourth, the affidavit must explain "how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Id.* "A party may not invoke Fed. R. Civ. P. 56[(d)] by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. Rather, the party must demonstrate precisely how additional discovery will lead to a genuine issue of material fact." *Ben Ezra, Weinstein, & Co., Inc., v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).

The Court liberally construes Plaintiffs' pro se pleadings and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal citation omitted)). The Court may not, however, "serv[e] as the litigant's attorney in constructing arguments and searching the record." *Id.* (citation omitted).

### III. ANALYSIS

Simply put, Plaintiffs fail to meet their burden of demonstrating why facts precluding summary judgment cannot be presented. While Plaintiffs did submit an affidavit with their reply brief, it merely lists the facts underlying the case, many of which are the same facts presented in the Complaint. *Compare Doc. 26-1, with Doc. 1* at 5. Plaintiffs explain that the issue in this case is "whether or not a contract should be found existing between the Parties for the assignment of impact fee credits . . ." (*Doc. 26* at 2),

and they seek to depose the "primary witnesses," Patrick Lesley, Mr. Anderson, and D.R. Horton's president (*Docs. 26* at 2; *24* at 4).

Even liberally construing their statement of facts in the affidavit as identification of probable facts not available, Plaintiffs have not met the other requirements under Rule 56(d). They have not shown why facts precluding summary judgment cannot be presented currently, what steps they have taken to obtain these facts, or how additional time will enable them to rebut summary judgment. A mere assertion that there are "unresolved issues of fact" (*Doc. 26* at 2, ¶ 6) is not sufficient to invoke Rule 56(d). *See Ben Ezra, Weinstein, & Co., Inc.*, 206 F.3d at 987. Thus, Plaintiffs' affidavit falls short of providing specific reasons why they cannot now present evidence precluding summary judgment nor how additional discovery would be helpful in precluding summary judgment.

Wherefore,

**IT IS HEREBY ORDERED** that Plaintiffs' Opposed Motion for Extension of Time (*Doc. 24*) is **denied** to the extent the Plaintiffs seek an extension of time to respond to the Motion for Summary Judgment until after discovery is complete.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a Response to the Motion for Summary Judgment (*Doc. 20*) no later than May 18, 2018, and Defendant may file a Reply within 14 days of the Response, together with a Notice of Completion of Briefing.

_____
UNITED STATES MAGISTRATE JUDGE